UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| YANA MAZYA and TIKI TAYLOR, individually, and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> NORTHWESTERN LAKE FOREST HOSPITAL, NORTHWESTERN MEMORIAL HEALTHCARE, NORTHWESTERN MEMORIAL HOSPITAL, OMNICELL, INC., and BECTON DICKINSON, <br><br> Defendants. | Case No. 19 cv 3191 |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1367, 1441, and 1446, Defendants Northwestern Lake Forest Hospital, Northwestern Memorial HealthCare, and Northwestern Memorial Hospital (collectively, "Northwestern") hereby provide notice of removal of this action from the Circuit Court of Cook County, Illinois, Chancery Division, to the United States District Court for the Northern District of Illinois, Eastern Division. In support of this Notice of Removal, Northwestern states as follows:

1. On June 6, 2018, Plaintiff Yana Mazya ("Mazya") filed a putative class action complaint against Defendants Northwestern Lake Forest Hospital, Northwestern Memorial HealthCare, Omnicell, Inc. ("Omnicell"), and Becton, Dickinson and Company ("Becton") in the Circuit Court of Cook County, Illinois, captioned *Yana Mazya v. Northwestern Lake Forest Hospital*, No. 2018-CH-07161 (the "State Court Action"). On April 10, 2019, Mazya and Plaintiff

Tiki Taylor ("Taylor"; and together with Mazya, "Plaintiffs") filed the First Amended Class Action Complaint ("Amended Complaint") adding Northwestern Memorial Hospital as a co-defendant.

2. Northwestern was served with a copy of the Amended Complaint on April 10, 2019.

3. This Notice of Removal is timely filed under 28 U.S.C. § 1446(b)(3) because it is filed within 30 days of the date that Northwestern was served with the Amended Complaint. The State Court Action was not removable before Plaintiffs filed the Amended Complaint adding Taylor as a plaintiff.

4. Omnicell and Becton consent to removal.

5. Pursuant to 28 U.S.C. § 1446(a), all process, pleadings, and orders that have been filed and served in the State Court Action are attached hereto as Exhibit 1.

6. Plaintiffs allege that Northwestern, Omnicell, and Becton (collectively, "Defendants") violated the Illinois Biometric Information Privacy Act, 740 ILCS 14/1, *et seq.* ("BIPA"), through the use of finger-scan technology. (*See* Ex. 1, Am. Compl. ¶¶ 38, 48.) Specifically, Plaintiffs allege that Defendants collect, store, use, and disseminate employees' allegedly biometric information (finger-scans) when the employees gain authorized access to stored materials without first obtaining informed written consent or publishing a retention policy. (*See id.* ¶¶ 5, 13.) Based on those allegations, Plaintiffs assert three counts for alleged violation of BIPA, in both their individual and representative capacity. (*See id.* ¶¶ 79-118.)

**I.   Federal Question Jurisdiction Pursuant to 28 U.S.C. § 1331**

7. This Court has jurisdiction over Taylor's claims under 28 U.S.C. § 1331.

8. A district court has federal question jurisdiction over a claim, and removal is therefore proper on the basis of federal question jurisdiction, when the claim is completely preempted by Section 301 of the Labor Management Relations Act. *Atchley v. Heritage Cable Vision Assocs.*, 101 F.3d 495, 498–99 (7th Cir. 1996). "Section 301 preempts claims directly

2

founded on or 'substantially dependent on analysis of a collective-bargaining agreement.'" *Id.* at 498. "If the resolution of a state law claim depends on the meaning of, or requires the interpretation of, a collective bargaining agreement, the application of state law is preempted and federal labor law principles must be employed to resolve the dispute." *Id.* at 499. "In sum, if it is necessary to interpret express or implied terms of a CBA, a state law claim is completely preempted by § 301, the claim is deemed federal in nature from its inception, and the complaint is deemed one that a defendant can remove." *Id.*

9. According to records maintained by Northwestern Memorial Hospital, at all times relevant to the Amended Complaint, Taylor was a member of Service Employees International Union, Healthcare Illinois Indiana (the "Union"), which has been the exclusive bargaining agent for Taylor for purposes of collective bargaining with her employer.

10. The collective bargaining agreement ("CBA") between the Union and Taylor's employer provides that the Union is Taylor's "exclusive bargaining agent with respect to wages, hours, and other terms and conditions of employment …." (CBA § 2.1.) It specifies Taylor's employer has "[a]ll rights of management…except to the extent that this Agreement limits such rights," and expressly recognizes that those rights "include, but are not limited to, the right to manage the business of the Hospital…to develop and use new methods, procedures and equipment; and to train employees in such use; to direct the working force; to determine the schedules and nature of work to be performed by employees, and the methods, procedures and equipment to be utilized by the employees in the performance of their work…to make, change and enforce reasonable rules of conduct and regulations…." (CBA § 3.1.) The CBA likewise specifies wage rates. (*E.g.*, CBA § 6.)

11. The analysis of whether Northwestern satisfied BIPA's requirements requires interpretation of the CBA's language concerning the employer's rights to manage and direct its

workforce, determine methods, procedures, and equipment, and to determine the nature of work to be performed by the employees and to implement rules and regulations. Similarly, the analysis of whether Northwestern obtained any required releases or consents, provided notices, or otherwise violated BIPA with respect to timekeeping practices, requires a determination of whether the CBA's specification of the company's rights to manage and direct its workforce and determine the methods, procedures, equipment, and rules to be utilized by the employees constitute a sufficient written notice and release from Taylor's "legally authorized representative" under 740 ILCS 14/15(b)(3). Additionally, Taylor's allegations that she was not "sufficiently compensated by Defendants for their retention and use of" her allegedly biometric data (Am. Compl. ¶ 61) fall squarely within the CBA's provisions governing wage rates. Consequently, because any analysis of Taylor's BIPA claims necessarily requires interpretation of the CBA, Taylor's claims are completely preempted by Section 301. *See, e.g., Atchley*, 101 F.3d at 498–99.

**II.  Supplemental Jurisdiction Pursuant to 28 U.S.C. § 1367**

12. Supplemental jurisdiction over the remaining state law claims is proper under 28 U.S.C. § 1367 because all claims form part of the same case or controversy.

13. "District courts may exercise supplemental jurisdiction over state law claims that share a common nucleus of operative facts with a federal claim properly before the court." *Olson v. Bemis Co.*, 800 F.3d 296, 302-03 (7th Cir. 2015) (internal quotation marks omitted) (holding district court did not abuse its discretion by exercising supplemental jurisdiction over any remaining state law claims arising out of same set of facts as plaintiff's claim that was preempted by Section 301).

14. Plaintiffs' claims for alleged violation of BIPA share a common nucleus of operative facts such that they form part of the same case or controversy. Plaintiffs allege the same

4

facts as the basis for all their claims.[1] (Am. Compl. ¶¶ 51-65.) For example, the facts alleged relating to Defendants' actions and procedures of allegedly collecting, storing, using, or disseminating employees' allegedly biometric information (finger-scans) when the employees gain authorized access to stored materials are shared by Taylor's claims that are preempted, Taylor's remaining state law claims, if any, and Mazya's state law claims.

15. Because federal question jurisdiction exits over Taylor's claims, this Court can properly exercise supplemental jurisdiction over Plaintiffs' remaining state law claims.

**III. Venue**

16. Venue is proper in the Northern District of Illinois located in Chicago, Illinois, because the Circuit Court of Cook County action is pending within the jurisdictional confines of this Court. 28 U.S.C. § 1446(a).

17. Northwestern will provide written notice of the filing of this Notice of Removal to Plaintiff and the Circuit Court of Cook County.

WHEREFORE, Defendants Northwestern Lake Forest Hospital, Northwestern Memorial HealthCare, and Northwestern Memorial Hospital hereby remove this civil action to this Court on the bases identified above.

Dated: May 10, 2019

NORTHWESTERN LAKE FOREST HOSPITAL,
NORTHWESTERN MEMORIAL HEALTHCARE,
AND NORTHWESTERN MEMORIAL HOSPITAL

By: /s/Bonnie Keane DelGobbo

Bonnie Keane DelGobbo (bdelgobbo@bakerlaw.com)
**BAKER & HOSTETLER LLP**
One North Wacker Drive, Suite 4500
Chicago, Illinois 60606-2841
Telephone: (312) 416-6200

---

[1] Defendants dispute that Plaintiffs can satisfy the requirements of Fed. R. Civ. P. 23 and dispute that Plaintiffs' claims can be maintained as a class action.

Joel Griswold (jcgriswold@bakerlaw.com)
**BAKER & HOSTETLER LLP**
SunTrust Center
200 S. Orange Ave., Suite 2300
Orlando, Florida 32801-3432
Telephone: (407) 649-4088

*Counsel for Defendants Northwestern Lake Forest Hospital, Northwestern Memorial HealthCare, and Northwestern Memorial Hospital*

## **CERTIFICATE OF SERVICE**

The undersigned, an attorney, certifies that she caused a true copy of the foregoing **Notice of Removal** to be served on counsel of record via First Class U.S. Mail and email on May 10, 2019 to:

| | |
|---|---|
| Ryan F. Stephan<br>James B. Zouras<br>Catherine T. Mitchell<br>STEPHAN ZOURAS, LLP<br>100 N. Riverside Plaza, Suite 2150<br>Chicago, IL 60606<br>rstephan@stephanzouras.com<br>jzouras@stephanzouras.com<br>cmitchell@stephanzouras.com<br><br>*Attorneys for Plaintiff* | Gary M. Miller<br>Matthew C. Wolfe<br>SHOOK, HARDY & BACON LLP<br>111 S. Wacker Drive, Suite 5100<br>Chicago, IL 60606<br>gmiller@shb.com<br>mwolfe@shb.com<br><br>*Attorneys for Defendant Becton,<br>Dickinson and Company* |

Jeffrey T. Norberg
NEAL & MCDEVITT LLC
1776 Ash Street
Northfield, IL 60093
jnorberg@nealmcdevitt.com

Michael G. Rhodes
Kristine A. Forderer
COOLEY LLP
101 California Street, Fifth Floor
San Francisco, CA 94111-5800
rhodesmg@cooley.com
kforderer@cooley.com

*Attorneys for Defendant Omnicell, Inc.*

/s/Bonnie Keane DelGobbo