UNITED STATES DISTRICT COURT
FOR THE Northern District of Illinois − CM/ECF LIVE, Ver 6.3.1
Eastern Division

Yana Mazya, et al.

    Plaintiff,

v.

Northwestern Lake Forest Hospital, et al.

    Defendant.

Case No.: 1:19−cv−03191
Honorable Gary Feinerman

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Tuesday, July 2, 2019:

    MINUTE entry before the Honorable Gary Feinerman:Pursuant to 28 U.S.C. § 1367(c)(3), and for the reasons stated below, the court remands this case to the Circuit Court of Cook County, Illinois. Defendant Becton Dickinson's motion to reassign [43] is denied as moot. The 7/8/2019 status hearing [39] and 7/8/2019 motion hearing [44] are stricken. To the extent they were entered and continued [39], Defendants' motions to dismiss [14][17][20] are denied as moot without prejudice to renewal in state court. Enter judgment order as to the claims of former Plaintiff Tiki Taylor. Civil case remanded. The Clerk is directed to effectuate the remand forthwith.Mailed notice.(jlj, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at ***www.ilnd.uscourts.gov***.

A TRUE COPY-ATTEST
THOMAS G. BRUTON, CLERK
By: s/ J. HOLLIMON
DEPUTY CLERK
U.S. DISTRICT COURT, NORTHERN
DISTRICT OF ILLINOIS
July 8, 2019

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| YANA MAZYA, | ) | |
| | ) | |
| Plaintiff, | ) | 19 C 3191 |
| | ) | |
| vs. | ) | Judge Gary Feinerman |
| | ) | |
| NORTHWESTERN LAKE FOREST HOSPITAL, | ) | |
| NORTHWESTERN MEMORIAL HEALTHCARE, | ) | |
| NORTHWESTERN MEMORIAL HOSPITAL, | ) | |
| OMNICELL, INC., and BECTON DICKINSON, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Pursuant to 28 U.S.C. § 1367(c)(3), and for the reasons stated below, the court remands this case to the Circuit Court of Cook County, Illinois. Defendant Becton Dickinson's motion to reassign [43] is denied as moot. The 7/8/2019 status hearing [39] and 7/8/2019 motion hearing [44] are stricken. To the extent they were entered and continued [39], Defendants' motions to dismiss [14][17][20] are denied as moot without prejudice to renewal in state court. Enter judgment order as to the claims of former Plaintiff Tiki Taylor. Civil case remanded. The Clerk is directed to effectuate the remand forthwith.

## STATEMENT

The operative complaint, filed in state court, brought individual and putative class claims under the Illinois Biometric Information Privacy Act ("BIPA"), 740 ILCS 14/1 *et seq.*, on behalf of named plaintiffs Yana Mazya and Tiki Taylor. Doc. 1-1 at 220-244. Defendants removed the suit to federal court under 28 U.S.C. §§ 1331 and 1441 on the ground that Taylor's claims were completely preempted by § 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, because Taylor was a union member subject to a collective bargaining agreement ("CBA"). Doc. 1. As Mazya was not a union member, the notice of removal premised jurisdiction over Mazya's claims on the supplemental jurisdiction statute, 28 U.S.C. § 1367(a). Doc. 1 at 4-5.

By agreement, the court denied Plaintiffs' motion to remand and, on Defendants' motion, dismissed Taylor's claims without prejudice to those claims being pursued in accordance with the CBA's grievance and arbitration process. Doc. 39 (relying upon *Miller v. Sw. Airlines Co.*, __ F.3d __, 2019 WL 2462664 (7th Cir. June 13, 2019)). Given Defendants' preference, expressed in open court, that the court retain its § 1367(a) supplemental jurisdiction over Mazya's claims—the only claims remaining in this case—the court directed Defendants to file memoranda addressing whether it should retain supplemental jurisdiction or, rather, whether it

1

should remand the suit to state court pursuant to 28 U.S.C. § 1367(c)(3). *Ibid.* Having reviewed the memoranda, Docs. 40-42, the court remands the suit to state court.

Section 1367(c)(3) provides that "[t]he district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if … the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Seventh Circuit precedent governing § 1367(c)(3) is clear: "Absent unusual circumstances, district courts relinquish supplemental jurisdiction over pendent state law claims if all claims within the court's original jurisdiction have been resolved before trial." *Coleman v. City of Peoria*, 925 F.3d 336, 352 (7th Cir. 2019). Circumstances that would justify retaining jurisdiction—where the statute of limitations would bar refiling the state law claims in state court, where the court has expended substantial judicial resources on the state law claims, or where it is clearly apparent how the state law claims should be decided, *see Williams v. Rodriguez*, 509 F.3d 392, 404 (7th Cir. 2007)—are not present here. Accordingly, the appropriate course is for the court to relinquish its jurisdiction over what remains of this suit and remand it to state court.

In opposing remand, Defendants argue that the court in fact has original jurisdiction because the operative complaint defines the putative class as "all individuals working for Northwestern in the State of Illinois," a group that includes union members whose BIPA claims, like Taylor's, are completely preempted by the LMRA and thus within the § 1331 federal question jurisdiction. Doc. 40 at 4-5; Doc. 41 at 1; Doc. 42. That argument fails to persuade. Given Defendants' position—which, in light of *Miller*, even Plaintiffs accepted—that union members' BIPA claims are completely preempted and must be dismissed without prejudice to being pursued under the CBA's grievance and arbitration process, there is no chance that any certified class would include any union member, and thus no chance that any class member's claim would fall within the federal jurisdiction.

Defendants also argue that dismissal of Mazya's BIPA claims is a foregone conclusion as a matter of Illinois law. Doc. 40 at 5-6; Doc. 41 at 1-2; Doc. 42. The court does not see things that way. While Defendants might ultimately prevail in defeating Mazya's BIPA claims, it is not clearly apparent they will do so given the complexity and novelty of the state law issues involved. Doc. 14 at 11-20; Doc. 18 at 7-15; Doc. 21 at 6-13.

July 2, 2019

United States District Judge